**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2005 JUN 29 P 1: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **PATRICIA A. CAMPBELL, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** 2.05 cv 615 C |
| ) | |
| **GANNETT CO., INC., a corporation, d/b/a** ) | **JURY TRIAL DEMANDED** |
| **MONTGOMERY ADVERTISER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Patricia A. Campbell, by and through her attorneys of

record, and for her Complaint against Defendant, Gannett Co., Inc., d/b/a the Montgomery

Advertiser, states as follows:

### STATEMENT OF THE CASE

1.       This is a lawsuit brought by Plaintiff, Patricia A. Campbell, who has been affected

by the claims alleged below, seeking permanent relief from unlawful discriminatory practices

involving retention, promotion, compensation, and other terms and conditions of employment in

failing to remedy systemic employment discrimination based on race, gender, and retaliation.

The practices committed by the defendant violate Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, *et seq.* ("**TITLE VII**") on the basis of race, gender, and retaliation,

and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("**§ 1981**") on the basis of race

and retaliation.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e, *et seq.*

3.    The defendant is located and/or doing business within this judicial district and division, and this action is brought in the judicial district wherein the unlawful employment practices that form the basis of this Complaint were committed, making venue proper under 28 U.S.C. § 1391.

4.    Plaintiff has fulfilled all conditions precedent to the institution of this action pursuant to 42 U.S.C. § 2000e, *et seq.* Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("**EEOC**"), Charge Number 130-2005-0984, on December 14, 2004. [Attached hereto as Exhibit "A."] Plaintiff timely files this action within ninety days of receipt of her Notice of Right to Sue, dated as mailed by the **EEOC** on March 31, 2005. [Attached hereto as Exhibit "B."]

## PARTIES

5.    Plaintiff, Patricia A. Campbell ("**MS. CAMPBELL**"), is an adult African-American female resident of the State of Alabama. At all times material herein, she was employed by Defendant.

6.    Defendant, Gannett Co., Inc., d/b/a Montgomery Advertiser ("**MONTGOMERY ADVERTISER**"), is, upon information and belief, a foreign corporation having its principal place of business in McLean, Virginia. Gannett Co., Inc., is a diversified news company that owns daily newspapers throughout the United States, including the *Montgomery Advertiser* in Montgomery, Alabama. Gannett Co., Inc., acquired the *Montgomery Advertiser* in 1995 when

2

Gannett merged with Multimedia, Inc. At all times material herein, Plaintiff was the employee of the **MONTGOMERY ADVERTISER**.

## STATEMENT OF FACTS

7.     **MS. CAMPBELL** was hired by the **MONTGOMERY ADVERTISER** as a salesperson in July 1988.

8.     **MS. CAMPBELL** held the position of Classified Recruitment Advertising Representative with the **MONTGOMERY ADVERTISER**, which position entailed selling advertising space in the daily. **MS. CAMPBELL** was paid both a salary and commissions from advertising sales.

9.     **MS. CAMPBELL's** department manager at the **MONTGOMERY ADVERTISER** was Ms. Kathryn Mount, a white female.

10.     The standard practice of the **MONTGOMERY ADVERTISER** as to financial accounting of advertising space is generally as follows: within one financial quarter, there were two 28-day cycles and 1 35-day cycle. At the end of the month, if a customer had placed an advertisement that crossed into the next month (or billing cycle), then the bill should have been split into both billing cycles. For example, for a Sunday and Monday classified advertisement, assuming the billing cycle ended on Sunday and the advertisement cost $500, the customer should have been charged $250 for the first billing cycle (ending on Sunday) and $250 for the second billing cycle (beginning on Monday).

11.     **MS. CAMPBELL** also had sales goals for her position.

3

12.    Mr. Joe Howard was also employed in the position of Classified Recruitment Advertising Representative with the **MONTGOMERY ADVERTISER** while **MS. CAMPBELL** was employed there, and Mr. Howard had sales goals as well.

13.    During the year 2002, **MS. CAMPBELL** met her sales goals ten out of twelve months, and in 2003 she met her sales goals eleven out of twelve months.

14.    Over the course of 2002 and 2003, **MS. CAMPBELL** accomplished her sales goals sixteen months in a row, yet she never received the award for "Salesperson of the Month," which would have entailed a $200 bonus.

15.    During her employment, **MS. CAMPBELL** had four or five advertisements crossing months or billing cycles as described above, but, inadvertently, they were not split. This was not an unusual occurrence for classified ad sales employees of the **MONTGOMERY ADVERTISER**.

16.    During his employment at the same time, Mr. Howard had this happen with his advertisements several months, involving approximately sixty to seventy advertisements.

17.    In 2003, Mr. Howard was given the award for "Salesperson of the Year," but, upon information and belief, **MS. CAMPBELL** had more points toward this award than Mr. Howard. Her supervisor, Kathyrn Mount, told her that because she was out of work for part of the year due to carpal tunnel syndrome surgery, **MS. CAMPBELL** would not be awarded this prize, which entailed a $2,500 award.

4

18.    In March 2003, **MS. CAMPBELL** had asked regularly of defendant's supervisory personnel if there was a formula for determining the goal for "Salesperson of the Year," but she was never informed of this formula.  **MS. CAMPBELL** used the formula given to other employees, and she calculated her own goal, which came out lower than other similarly-situated employees.

19.    During her employment, **MS. CAMPBELL** ran an advertisement for one of her classified customers, Alabama Orthopaedic, and she was given a write-up for this and for exchanging words with an employee in retail sales, Ms. Beth Hatcher.

20.    Mr. Thomas Taylor ran an advertisement for one of his classified customers, AirFlow Awning Co., Inc., doing the same thing as **MS. CAMPBELL**, yet he was not given a write-up.

21.    While Kathryn Mount was supposed to give each employee an evaluation each year on their anniversary month, Ms. Mount did not do this for **MS. CAMPBELL** in 2000.

22.    **MS. CAMPBELL** complained in writing on July 25, 2000, to Mr. Terry Sullivan (white), Advertising Director for the **MONTGOMERY ADVERTISER**, regarding the favoritism of Kathryn Mount (white) in choosing who she wanted to fill position vacancies.

23.    On November 13, 2002, **MS. CAMPBELL** complained in writing to Ron Davidson (white) about Kathryn Mount's unequal treatment of Yolanda Franklin (black) versus Jonathan Villacampa (white), as well as other unequal treatment.

24.    On one occasion, Kathryn Mount told employees, including **MS. CAMPBELL**, that they had to "up their numbers by eight percent" because "there are two months out of the year Gannett has to make its numbers." At this time, all classified salespersons had already turned in their numbers for the month. As a result, all salespersons re-figured their monthly bonus reports to increase sales by eight percent, even though it would have required the **MONTGOMERY ADVERTISER** to pay out higher commissions than otherwise.

25.    On August 1, 2003, **MS. CAMPBELL** complained in writing to Ron Davidson and Linda Browder (white), the Human Resources Director, about retaliation based on her prior complaints.

26.    In early 2004, **MS. CAMPBELL** complained to Linda Browder about black employees in the mail room being sent out to pull weeds out of the grass in the back of the building, saying words to the effect that they looked like slaves bending over picking cotton.

27.    During her employment, **MS. CAMPBELL** was placed on a 60-day improvement plan, and **MS. CAMPBELL** was wrongfully terminated by the **MONTGOMERY ADVERTISER** on September 27, 2004.

## COUNT ONE

### TITLE VII - DISPARATE TREATMENT - RACE

28.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

29.    In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of her race, black, in violation of **TITLE VII**. Black employees and white employees were not treated similarly.

6

30.    Defendant condones and allows race-based discrimination.  Said Defendant's actions were in violation of **TITLE VII**, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

31.    As a proximate consequence of the violation of **TITLE VII** by Defendant, Plaintiff has suffered and will continue to suffer damages to her professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

32.    Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Placement in the position in which she would have worked absent the Defendant's discriminatory treatment;

b.    Punitive damages;

c.    Back pay;

d.    Prejudgment interest;

e.    Attorneys' fees;

f.    Costs;

g.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future;

h.    Injunctive relief; and

i.    Such other legal or equitable relief as may be appropriate to effectuate the purposes of **TITLE VII** or to which Plaintiff may be entitled.

## COUNT TWO

### TITLE VII - DISPARATE TREATMENT - GENDER

33.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

34.     In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of her gender, female, in violation of **TITLE VII**.  Male employees and female employees were not treated similarly.

35.     Defendant condones and allows gender-based sex discrimination.  Said Defendant's actions were in violation of **TITLE VII**, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

36.     As a proximate consequence of the violation of **TITLE VII** by Defendant, Plaintiff has suffered and will continue to suffer damages to her professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

37.     Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.      Placement in the position in which she would have worked absent the Defendant's discriminatory treatment;

b.      Punitive damages;

c.      Back pay;

d.      Prejudgment interest;

e.      Attorneys' fees;

8

 f.  Costs;

 g.  Compensatory damages for loss of wages, loss of benefits, including, but

    not limited to, retirement and pension benefits, mental anguish,

    embarrassment, emotional distress, both past and future;

 h.  Injunctive relief; and

 i.  Such other legal or equitable relief as may be appropriate to effectuate the

    purposes of **TITLE VII** or to which Plaintiff may be entitled.

**COUNT THREE**

**TITLE VII - RETALIATION**

38. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

39. During his employment with Defendant, Plaintiff was subjected to employment practices made unlawful by **TITLE VII**. Plaintiff opposed these unlawful practices, specifically by raising concerns about race-based discrimination.

40. In response to, and as a direct result of, having engaged in statutorily protected activity, Plaintiff was retaliated against by the Defendant that took actions that adversely affected the terms and conditions of Plaintiff's employment.

41. The Defendant's retaliatory actions are in violation of **TITLE VII.**

42. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

 a.  Placement in the position in which she would have worked absent the

    Defendant's discriminatory treatment;

9

b.    Punitive damages;

c.    Back pay;

d.    Prejudgment interest;

e.    Attorneys' fees;

f.    Costs;

g.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future;

h.    Injunctive relief; and

i.    Such other legal or equitable relief as may be appropriate to effectuate the purposes of **TITLE VII** or to which Plaintiff may be entitled.

**COUNT FOUR**

**§ 1981 - RACE**

43.    Plaintiff adopts and re-alleges each and every allegation contained in this complaint as if set out herein anew.

44.    Plaintiff has been discriminated against in the terms and conditions of her employment as set out above by Defendant.

45.    Plaintiff was subjected to continuing discrimination that substantially altered the terms and conditions of her employment.  Such harassment was inflicted on Plaintiff by Defendant because of her race, black.

46.    Because of the actions of the Defendant, Plaintiff has been grossly injured and has suffered both financially and emotionally.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for the following:

      a.      Compensatory damages;

      b.      Punitive damages;

      c.      Injunctive and equitable relief,

      d.      Special damages, including pre- and post- judgment interest;

      e.      Attorneys fees;

      f.      The costs of this proceeding; and

      g.      Such other and further relief as to which she is entitled or to effectuate the purposes of **§ 1981**.

### COUNT FIVE

### § 1981 - RETALIATION

47.      Plaintiff adopts and re-alleges each and every allegation contained in this complaint as if set out herein anew.

48.      Plaintiff has been retaliated against by Defendant for her prior complaints of discrimination, and for opposing the continued illegal practices of the Defendant.

49.      Because of the actions of the Defendant, Plaintiff has been grossly injured and has suffered both financially and emotionally.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for the following:

      a.      Compensatory damages;

      b.      Punitive damages;

c.    Injunctive and equitable relief,

d.    Special damages, including pre- and post- judgment interest;

e.    Attorneys fees;

f.    The costs of this proceeding; and

g.    Such other and further relief as to which she is entitled or to effectuate the

purposes of § **1981**.

**Respectfully submitted,**

~~John D. Saxon~~
**John D. Saxon**
**State Bar No. ASB-3258-O71J**
**Stephen J. Austin**
**State Bar No. ASB-4527-H57A**
**Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
**2119 3rd Ave. North**
**Birmingham, AL 3520**
**Telephone:   (205) 324-0223**
**Facsimile:   (205) 323-1583**
**Email:      jsaxon@saxonattorneys.com**
**           saustin@saxonattorneys.com**

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

~~OF COUNSEL~~
**OF COUNSEL**

**PLAINTIFF'S ADDRESS:**

Patricia A. Campbell
1263 Pecan Street
Mobile, AL 36603

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL,
RETURN RECEIPT REQUESTED**

**GANNETT, INC., d/b/a MONTGOMERY ADVERTISER**
c/o Scott M. Brown, President/Publisher
425 Molton Street
Montgomery, AL 36104