**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| PATRICIA A. CAMPBELL, )<br>   An Individual )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>GANNETT CO., INC., d/b/a THE )<br>MONTGOMERY ADVERTISER, )<br> )<br>   Defendant. ) | Civil Action No.: 2:05cv615-F |

## ANSWER

Defendant The Advertiser Company, d/b/a The Montgomery Advertiser ("the defendant"), improperly named in the Complaint as Gannett Co., Inc. d/b/a The Montgomery Advertiser, Answers the plaintiff's Complaint and states as follows:

### ALLEGED STATEMENT OF THE CASE

1. The defendant admits that the plaintiff has filed this lawsuit under the statutes cited. Except as explicitly admitted, the defendant denies the allegations of Paragraph 1.

### JURISDICTION AND VENUE

2. This paragraph is jurisdictional only and does not require answer.

3. The defendant admits that it does business within the judicial district where the lawsuit was filed and that venue is proper. The defendant denies that any unlawful employment practices occurred.

4. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

## PARTIES

5. The defendant admits that the plaintiff is an adult African-American female and that the defendant employed her. The defendant lacks knowledge or information sufficient to form a belief as to the plaintiff's current residency.

6. The defendant admits that the plaintiff was employed with The Montgomery Advertiser. The defendant denies that Gannett Co, Inc. d/b/a Montgomery Advertiser is the proper defendant in this action and, therefore, cannot answer the remaining allegations of Paragraph 6. The proper defendant in this action is The Advertising Company, d/b/a The Montgomery Advertiser, which is an Alabama corporation.

## ALLEGED STATEMENT OF FACTS

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. The defendant admits that the plaintiff had revenue goals and sales objectives as part of her bonus plan. Except as explicitly admitted, the defendant denies the allegations of Paragraph 11.

12. The defendant admits that it employed Mr. Howard as a Classified Recruitment Representative during a portion of the plaintiff's employment. The defendant further admits that Mr. Howard had revenue goals and sales objectives as a part of his bonus plan. Except as explicitly admitted, the defendant denies the allegations of Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The defendant admits that Mr. Howard was awarded the "Salesperson of the Year" in 2003. Except as explicitly admitted, the defendant denies the allegations of Paragraph 17.

18. The defendant denies that the plaintiff was not provided with the formula for determining the goal for Salesperson of the Year. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18.

19. The defendant admits that the plaintiff improperly placed an advertisement for which she was written-up. The defendant admits that the plaintiff was written-up for displaying loud, confrontational behavior towards a co-worker, Ms. Beth Hatcher. Except as explicitly admitted, the defendant denies the allegations of Paragraph 19.

20. The defendant admits that Mr. Taylor placed an ad for one of his customers and was not written-up. Except as explicitly admitted, the defendant denies the allegations of Paragraph 20.

21. Denied.

22. The defendant lacks knowledge or information sufficient to for a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies the same.

23. The defendant admits that the plaintiff submitted written documentation to Mr. Davidson, a Caucasian male, including information pertaining to Ms. Franklin (African-American female) and Mr. Villacampa (Hispanic male). Except as explicitly admitted, the defendant denies the allegations of Paragraph 23.

24. Denied.

25. The defendant admits that Mr. Davidson and Ms. Browder (Caucasian female) received a letter from the plaintiff. Except as explicitly admitted, the defendant denies the allegations of Paragraph 25.

26. The defendant admits that the plaintiff made a comment to Ms. Browder about employees pulling weeds. Except as explicitly admitted, the defendant denies the allegations of Paragraph 26.

27. The defendant admits that the plaintiff was placed on a 6-day Performance Improvement Plan and that her employment with the defendant was terminated on September 27, 2004. Except as explicitly admitted, the defendant denies the allegations of Paragraph 27.

## COUNT ONE

28. The defendant reasserts its responses to Paragraphs 1-27.

29. Denied.

30. Denied.

31. Denied.

32. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

The defendant denies that the plaintiff is entitled to the relief requested in her Prayer for Relief or to any other relief.

## COUNT TWO

33. The defendant reasserts its responses to Paragraphs 1-32.

34. Denied.

35. Denied.

36. Denied.

37. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

The defendant denies that the plaintiff is entitled to the relief requested in her Prayer for Relief or to any other relief.

## **COUNT THREE**

38. The defendant reasserts its responses to Paragraphs 1-37.

39. Denied.

40. Denied.

41. Denied.

42. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

The defendant denies that the plaintiff is entitled to the relief requested in her Prayer for Relief or to any other relief.

## **COUNT FOUR**

43. The defendant reasserts its responses to Paragraphs 1-42.

44. Denied.

45. Denied.

46. Denied.

The defendant denies that the plaintiff is entitled to the relief requested in her Prayer for Relief or to any other relief.

## **COUNT FIVE**

47. The defendant reasserts its responses to Paragraphs 1-46.

48. Denied.

49. Denied.

The defendant denies that the plaintiff is entitled to the relief requested in her Prayer for Relief or to any other relief.

In further defense, the defendant avers:

### FIRST DEFENSE

The plaintiff's claims under Title VII are barred to the extent that she failed to fulfill all requisite administrative conditions precedent to filing suit under Title VII of the Civil Rights Act of 1964.

### SECOND DEFENSE

The plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD DEFENSE

The plaintiff's claims for equitable relief, if any, are barred by her "unclean hands."

### FOURTH DEFENSE

The plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH DEFENSE

The plaintiff's claims are barred by her failure to mitigate her alleged damages, if any.

### SIXTH DEFENSE

All employment decisions made and actions taken by the defendant were made or taken for legitimate, non-discriminatory reasons that were not pretextual.

### SEVENTH DEFENSE

All employment decisions made and actions taken by the defendant were made or taken for legitimate, non-retaliatory reasons that were not pretextual.

**EIGHTH DEFENSE**

Assuming, *arguendo*, that the defendant acted with an unlawful motive, though it did not, it would have taken or made the same actions or decisions with regard to the plaintiff in the absence of said alleged unlawful motive.

**NINTH DEFENSE**

Assuming, *arguendo*, any unlawful acts occurred, though they did not, the plaintiff's alleged damages, if any, were caused by the acts of third persons, for whom the defendant is not responsible.

**TENTH DEFENSE**

Assuming, *arguendo*, any unlawful acts occurred, though they did not, the plaintiff's claim for punitive damages is barred by the defendant's good faith efforts to comply with Title VII and other anti-discrimination statutes.

**ELEVENTH DEFENSE**

Assuming, *arguendo*, any unlawful acts occurred, though they did not, the plaintiff's claim for punitive damages is barred because any discriminatory acts were committed by individuals who were not acting in a managerial capacity for the defendant.

**TWELFTH DEFENSE**

Assuming, *arguendo*, any unlawful acts occurred, though they did not, the defendant is not liable for punitive damages because it did not authorize or ratify any allegedly discriminatory acts.

**THIRTEENTH DEFENSE**

Assuming, *arguendo*, any unlawful acts occurred, though they did not, the plaintiff's claim for punitive damages is barred because the defendant was not reckless in hiring anyone who allegedly committed discriminatory acts.

**FOURTEENTH DEFENSE**

The imposition of punitive damages would violate the Fourth, Fifth, Sixth and/or Eighth Amendments to the United States Constitution because: (a) the standard of liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate governmental interest; and (b) there are inadequate standards and procedures for reviewing awards of punitive damages.

**FIFTEENTH DEFENSE**

The defendant reserves the right to assert any and all defenses available to it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 or any other statute upon which the Plaintiff seeks to premise her claims.

s/Charles A. Powell, III
CHARLES A. POWELL, III
ASB-6957-E68C

s/Lynlee Wells Palmer
LYNLEE WELLS PALMER
ASB-4367-T82P
Attorneys for Defendant
The Advertiser Company
d/b/a The Montgomery Advertiser

**OF COUNSEL:**

**JOHNSTON BARTON
PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 28, 2005, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John D. Saxon
ASB-3258-O71J
JOHN D. SAXON P.C.
2119 3rd Avenue North
Birmingham, AL 35203
Ph: 205-324-0223
Fax: 205-323-1583
Email: jsaxon@saxonattorneys.com

Stephen J. Austin
ASB-4527-H57A
JOHN D. SAXON P.C.
2119 3rd Avenue North
Birmingham, AL 35203
Ph: 205-324-0223
Fax: 205-323-1583
Email: saustin@saxonattorneys.com

                                        s/Lynlee Wells Palmer
                                        LYNLEE WELLS PALMER
                                        Johnston Barton Proctor & Powell LLP
                                        2900 AmSouth/Harbert Plaza
                                        1901 Sixth Avenue North
                                        Birmingham, AL 35203
                                        Telephone: (205) 458-9400
                                        Facsimile: (205) 458-9500
                                        E-mail: lwp@jbpp.com