## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **PATRICIA A. CAMPBELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 2:05-cv-615-MEF-CSC |
| **GANNET CO., INC., d/b/a** ) | |
| **MONTGOMERY ADVERTISER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### PLAINTIFF'S MOTION TO CONTINUE UNDER RULE 56(f)

**COMES NOW** the Plaintiff, Patricia A. Campbell, by and through her attorneys of record, and, pursuant to Rule 56(f) of the *Federal Rules of Civil Procedure*, moves this Honorable Court to continue the deadlines herein for summary judgment submissions. As grounds for this motion, Plaintiff states as follows:

1. On March 23, 2006, the undersigned served – by U.S. mail – Defendant's counsel with Plaintiff's discovery requests. (Attached hereto as Exhibit "A," with cover letter.)

2. On April 25, 2006, the undersigned agreed to extend Defendant's time within which to answer Plaintiff's discovery requests to Friday, April 28, 2006, i.e., last Friday.

3. By hand delivery on the afternoon of Friday, April 28, 2006, Defendant's counsel served the undersigned with discovery responses. (Attached hereto as Exhibit "B.")

4. While Plaintiff's employee file with Defendant was produced, none of the employee files of the possible comparators or decision-makers were produced, e.g., Joe Howard (who figures prominently in Plaintiff's case), Thomas Taylor, Jonathan Villacampa, and Kathryn Mount. (*See* Ex. A at page 7.) Other documents were also not produced.

5. After the undersigned propounded discovery and before the Defendant responded, however, Defendant filed a motion for summary judgment. (Doc. 12.)

6. Plaintiff brings claims for both race and gender discrimination, so the aforementioned employees' personnel files could be crucial in determining disparities in employment, particularly disparity in discipline as Plaintiff's claim involves one for termination.

7. Defendant's discovery responses included a draft protective order, which it deems necessary to be agreed upon and entered into to protect the documents and information not disclosed. With some changes, an agreement can be reached on this protective order, but Defendant is withholding the personnel files, etc., until a protective order is signed.

8. Rule 56(f) of the *Federal Rules of Civil Procedure* allows this Court to continue proceedings "to permit . . . discovery to be had" when it "appear[s] from the affidavits of a party opposing [a motion for summary judgment] that the party cannot . . . justify the party's opposition. . ."

9. Attached hereto is the affidavit of the undersigned that states that Plaintiff will be greatly prejudiced by having to respond to Defendant's dispositive motion without full discovery being had. (Affidavit of Stephen J. Austin, attached hereto as Exhibit "C.")

10. This is particularly so since Plaintiff's brief and evidence in opposition to the Defendant's motion for summary judgment are due on Wednesday, May 3, 2006 (**tomorrow**).

11. In *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865 (11th Cir. 1988), the Eleventh Circuit stated:

> This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has the right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable [her] to determine whether [she] can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.

*Id.* at 870 (internal citations omitted).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully moves this Honorable Court to continue the deadlines herein for summary judgment submissions until a reasonable time after the aforementioned protective order can be agreed to and said discovery can be had.

           **Respectfully submitted,**

           **/s/ Stephen J. Austin**
           **John D. Saxon**
           **Alabama Bar No. ASB-3258-071J**
           **Stephen J. Austin**
           **Alabama Bar No. ASB-4527-H57A**
           **Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
**2119 Third Avenue North**
**Birmingham, AL 35203**
**Telephone: (205) 324-0223**
**Facsimile: (205) 323-1583**
**Email:** saustin@saxonattorneys.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing Plaintiff's Motion to Continue Under Rule 56(f) by filing same with the CM/ECF system, which will send electronic notice to:

Lynlee Wells Palmer, Esq.
John W. Sheffield, Esq.
**JOHNSTON, BARTON, PROCTOR & POWELL, LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

    **DONE** this the 2nd day of May, 2006.

                                              /s/ Stephen J. Austin
                                              **OF COUNSEL**