LAW OFFICES
# JOHN D. SAXON, P.C.
A PROFESSIONAL CORPORATION
2119 3RD AVENUE NORTH
BIRMINGHAM, AL 35203

JOHN D. SAXON
REDDING PITT
CANDIS A. McGOWAN
STEPHEN J. AUSTIN

TELEPHONE (205) 324-0223
FACSIMILE (205) 323-1583

OF COUNSEL
JENNIFER L. SOPER

FIRM ADMINISTRATOR
DONNA MOORE

March 23, 2006

Lynlee Wells Palmer, Esq.
**JOHNSTON, BARTON, PROCTOR & POWELL, LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

Re:   <u>Patricia A. Campbell v. Gannet Co., Inc., d/b/a Montgomery Advertisor</u>
      <u>2:05-cv-615-MEF, Middle District of Alabama</u>

Dear Lynlee:

Enclosed you will find *Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant*. I hope you are well. Many thanks.

Very truly yours,

Stephen J. Austin

/sja

Enclosure

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. CAMPBELL, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05-cv-615-MEF |
| ) | |
| GANNETT CO., INC., a corporation, d/b/a ) | |
| MONTGOMERY ADVERTISER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW** the Plaintiff, Patricia A. Campbell, by and through her attorneys of record, and pursuant to Rules 33 and 34 of the *Federal Rules of Civil Procedure*, requests the Defendant, Gannett Co., Inc., d/b/a Montgomery Advertiser, answer the following interrogatories in writing and under oath and produce the following documents within the time prescribed by Rules 33 and 34:

### INSTRUCTIONS

A.  Answer each interrogatory and request for production of documents fully, providing all information actually or constructively available to this Defendant, its attorney(s), and any other person known to possess or have access to the requested information.

B.  Each interrogatory and request for production of documents is continuing in nature, and you are required to provide amended answers to Plaintiff whenever you ascertain additional information.

## **DEFINITIONS**

A.   "You" or "your," as used herein, means the Defendant, Gannett Co., Inc., d/b/a Montgomery Advertiser, as the party and to any person acting as its representative who or which furnishes information thereto, including any attorney or agent acting on its behalf in the investigation and perpetuation of this action.

B.   The word "person," as used herein, refers to both natural persons and corporate or business entities.

C.   The word "document," as used herein, refers to any medium used for recording and retrieving information, ranging from the handwritten page to the audio or video tape to the floppy disk or digital image.

D.   "Identify," as used herein, used in reference to an individual person, means to state his or her full name, present home address, including street name and number, city and state, job title, age, gender, and employment history. "Identify," used in reference to a business entity, means to state its full name and last known business address. "Identify," used in reference to a document, means to state its date, author, subject matter, recipient, present location and custodian, and to describe the type of document.

E.   The words "employment history," as used herein, include dates of hire and, if appropriate, discharge or termination, each job title or position with identification of duties, and each date of each change of job title or position, identifying each new job title or position with each date.

2

F.   The words "during the relevant time period" refer to the year during which the alleged occurrences as set forth in the Plaintiff's complaint took place, as well as for three years before and to the present date.

## INTERROGATORIES

1.   Does this Defendant have policies and guidelines for management and supervisory personnel relevant to the prevention of discrimination and/or retaliation in the workplace? If your answer is in the affirmative, please state:

   a.   The name, title, and employment history of each person responsible for the development of such policies;

   b.   The name, title, and employment history of each person responsible for the oversight of the policies' administration;

   c.   The manner in which employees are informed of any company policies concerning discrimination in the workplace; and

   d.   Attach a copy of the policies.

2.   Please state whether this Defendant has ever received a claim, complaint, report, allegation, and/or charge of discrimination and/or retaliation within the relevant time period, and whether said claim, complaint, report, allegation, and/or charge of discrimination resulted in litigation or not. If so, please state:

   a.   The name, title, race, gender, and employment history of each applicant or employee who made such a claim, complaint, report, allegation, and/or charge of discrimination;

3

    b.    The date of each complaint and a description of the claim, complaint, report, allegation, and/or charge of discrimination and its basis;

    c.    A description of the investigation and resolution of each claim, complaint, report, allegation, and/or charge of discrimination; and

    d.    The name, title, gender, and employment history of each person responsible for resolving each such claim, complaint, report, allegation, and/or charge of discrimination.

3.    If any of such claims, complaints, reports, allegations, and/or charges of discrimination and/or retaliation in answer to Interrogatory Number Two resulted in the filing of a complaint or petition in any federal or state court, state the following for each such claim, complaint, report, allegation, and/or charge of discrimination and/or retaliation:

    a.    The full style and case number of the complaint or petition;

    b.    The nature of each case or petition (e.g., race discrimination, retaliation, etc.);

    c.    The current status of each complaint or petition; and

    d.    If the complaint or petition resulted in a settlement, the nature and/or amount of the settlement, if such information is not subject to a confidentiality agreement binding on this Defendant.

4.    Please explain, in detail, what transpired at any meetings of Defendant, or any sub-units thereof, during the relevant time period in which Plaintiff's employment, performance, status, termination, and/or potential termination were discussed, addressed, contemplated, debated, and/or voted on.

4

5. Please explain, in detail, the Defendant's internal investigation into the complaints made by Plaintiff to Defendant's human resources department and in her EEOC charge of discrimination, specifically including the following:

    a. The full name, position, race, and gender of the person(s) conducting the internal investigation;

    b. The full name, position, race, and gender of the person(s) interviewed during that investigation;

    c. The substance of each such interviewed person's statement made to Defendant during that investigation.

10. Does this Defendant have any record of Plaintiff having complained to, and/or inquired of, any personnel of Defendant regarding her employment with this Defendant, including specifically any acts of discrimination and/or retaliation committed by Defendant or its employees during the relevant time period. If so, please explain to whom Plaintiff complained and/or inquired; when; about whom or what; the nature of her complaint and/or inquiry; what, if any, investigation this Defendant conducted into her complaint and/or inquiry; by whom such investigation was done; and the outcome or resolution of her complaint and/or inquiry.

11. State by name, race, gender, and hourly wage each person who worked for Defendant in the classified advertising department during the relevant time period.

12. State the name, race, and gender of the person who replaced Plaintiff in her employment with Defendant.

13. State all the reasons that Defendant terminated Plaintiff.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all audio or video tapes or recordings that contain any statements by Plaintiff.

2. Any and all documents submitted by Defendant to the Alabama Department of Industrial Relations, or received by Defendant from the Alabama Department of Industrial Relations, related to Plaintiff's application for unemployment compensation as a result of her termination, including any audio tapes and transcripts thereof.

3. Any and all crossover ad reports for the Inside Classified Department during the relevant time period.

4. A copy of Defendant's employee handbook, or by whatever title it is known, effective at the time of Plaintiff's employment with Defendant.

5. Any and all documents relating to Plaintiff's employment with this Defendant, including, but not limited to, her application files, personnel files, supervisors' files, payroll records, earnings records, fringe benefit and overtime records, performance evaluations, bonus files, letters of commendation, disciplinary files, counseling files, incident files, grievance files, complaint files, termination files, separation files, litigation files, EEO files, investigative files, medical files, job descriptions or job qualifications, human resources file, annual job review, annual job review files, time records, expense records, employment contracts, records pertaining to her duties, salary, promotions, performance, and benefits, notes pertaining to her possible employment, interview notes, and correspondence between Plaintiff and regarding her hiring, application, and/or employment. (**For the purpose of these requests for production, all of the foregoing documents shall hereinafter be collectively referred to as the "employee file."**)

6. The employee file of Joe Howard.

7. The employee file of Thomas Taylor.

8. The employee file of Shalawn Williams.

9. The employee file of Cornelius Jones.

10. The employee file of Ed Smith.

11. The employee file of Jonathan Villacampa.

12. The employee file of Kathryn Mount.

13. All documents relating to any claims or charges filed by any persons against this Defendant with the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance Programs, any other federal program, or any state or municipal agency dealing with discrimination or retaliation within the relevant time period.

14. All documents relating to all inquiries or investigations conducted by or for the benefit of this Defendant as a result of Plaintiff's claims or allegations of discrimination and/or retaliation, which are not protected by the attorney-client privilege or the attorney work product doctrine.

15. To the extent not already produced, a copy of all documents identified in Defendant's initial disclosures.

16. A copy of all Gannetteer employee magazines for 2001-2004.

Respectfully submitted,

_____
John D. Saxon
Alabama Bar No. ASB-3258-071J
Stephen J. Austin
Alabama Bar No. ASB-4527-H57A
Attorneys for Plaintiff

OF COUNSEL:

JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, AL 35203
Telephone:   (205) 324-0223
Facsimile:   (205) 323-1853
Email:       saustin@saxonattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Plaintiff's First Interrogatories and Requests for Production of Documents on the following counsel of record by placing same in the United States mail, First Class postage prepaid, and properly addressed as follows:

Lynlee Wells Palmer, Esq.
JOHNSTON, BARTON, PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

DONE this the 23rd day of March, 2006.

_____
OF COUNSEL

8

# JohnstonBarton

LYNLEE WELLS PALMER
Direct Dial: (205) 458-9494
E-Mail Address: lwp@jbpp.com

Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 458-9400
Fax: (205) 458-9500

www.johnstonbarton.com

April 28, 2006

**VIA HAND DELIVERY**
Stephen J. Austin, Esq.
JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, Alabama 35203

Re: **Patricia A. Campbell v. The Montgomery Advertiser**
In the United States District Court for the Middle District of Alabama
Northern Division; Civil Action No.: 2:05cv615

Dear Stephen:

Enclosed please find The Advertiser's discovery responses and responsive documents. Although the interrogatories are not yet verified, I do not anticipate that the forthcoming verified version will differ in any material respect from the current version.

There are some documents that need to be covered by a protective order. In the interests of time, I have drafted a proposed protective order and joint motion for entry thereof, both of which are also enclosed. If they meet with your approval, please let me know and I will handle filing them as soon as possible. You may note that there are some missing document numbers from Ms. Campbell's personnel file. Those documents appear to relate to other employees and may have been inadvertently included in Ms. Campbell's file. In the interests of privacy, I have withheld those documents from Ms. Campbell's personnel file and will produce them upon the entry of the protective order.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Lynlee Wells Palmer

LWP/mka
Enclosures

cc: John W. Sheffield, Esq. (w/o encl.)

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 2:05-cv-615-MEF-CSC |
| GANNET CO., INC., d/b/a ) | |
| MONTGOMERY ADVERTISER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AFFIDAVIT OF STEPHEN J. AUSTIN

**COMES NOW** Stephen J. Austin, and being duly sworn, deposes and says as follows:

1. I am one of the attorneys of record for Plaintiff, Patricia A. Campbell, in the above-styled cause.

2. On March 23, 2006, the undersigned served – by U.S. mail – Defendant's counsel with Plaintiff's discovery requests.

3. On April 25, 2006, the undersigned agreed to extend Defendant's time within which to answer Plaintiff's discovery requests to Friday, April 28, 2006, i.e., last Friday.

4. By hand delivery on the afternoon of Friday, April 28, 2006, Defendant's counsel served the undersigned with discovery responses.

**Exhibit C**

5. While Plaintiff's employee file with Defendant was produced, none of the employee files of the possible comparators or decision-maker were produced, e.g., Joe Howard (who figures prominently in Plaintiff's case), Thomas Taylor, Jonathan Villacampa, and Kathryn Mount. Other documents were also not produced.

6. After the undersigned propounded discovery and before the Defendant responded, however, Defendant filed a motion for summary judgment. (Doc. 12.)

7. Plaintiff brings claims for both race and gender discrimination, so the aforementioned employees' personnel files could be crucial in determining disparities in employment, particularly disparity in discipline as Plaintiff's claim involves one for termination.

8. Rule 56(f) of the *Federal Rules of Civil Procedure* allows this Court to continue proceedings "to permit . . . discovery to be had" when it "appear[s] from the affidavits of a party opposing [a motion for summary judgment] that the party cannot . . . justify the party's opposition. . ."

9. In *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865 (11th Cir. 1988), the Eleventh Circuit stated:

> This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has the right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable

2

[her] to determine whether [she] can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.

*Id.* at 870 (internal citations omitted).

10. Plaintiff will be greatly prejudiced if she is forced to respond to Defendant's dispositive motion without the benefit of the documents not yet produced by Defendants.

11. This affidavit is executed pursuant to Rule 56(f) of the *Federal Rules of Civil Procedure*, and respectfully submitted, for the purpose of continuing a ruling by the Court on Defendant's motion for summary judgment in order to permit discovery to be completed with regard to Plaintiff's claims.

_____
Stephen J. Austin

**STATE OF ALABAMA** )
**COUNTY OF JEFFERSON** )

PERSONALLY APPEARED before me, a Notary Public in and for said county and state, Stephen J. Austin, who after being first duly sworn, states that the above Affidavit is true and correct to the best of his knowledge, information, and belief.

SWORN TO and subscribed before me on this the 2nd day of May, 2006.

_____
[seal]          NOTARY PUBLIC
My Commission Expires: 10-5-2007

**Exhibit C**

3