## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. CAMPBELL,   ) | |
|     An Individual             ) | |
|                              ) | |
|     Plaintiff,                 ) | |
|                              ) | |
| v.                              ) | Civil Action No.: 2:05cv615-F |
|                              ) | |
| GANNETT CO., INC., d/b/a THE   ) | |
| MONTGOMERY ADVERTISER,   ) | |
|                              ) | |
|     Defendant.               ) | |

### DEFENDANT THE ADVERTISER COMPANY'S, D/B/A THE MONTGOMERY ADVERTISER, OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE

Defendant The Advertiser Company, d/b/a The Montgomery Advertiser ("The Advertiser"), improperly named in the plaintiff's complaint as Gannett Co., Inc. d/b/a The Montgomery Advertiser, hereby opposes the plaintiff's Motion to Continue and states as follows:

1.    The plaintiff filed this action on June 29, 2005. The discovery period began on August 17, 2005 after the parties filed their Rule 26 report.

2.    On August 18, 2005, the Court entered a Uniform Scheduling Order, setting the deadline for the filing of dispositive motions as April 18, 2006.

3.    The Advertiser timely submitted its discovery to the plaintiff on August 18, 2005. The plaintiff served her responses to this discovery on

November 8, 2005. The plaintiff's deposition took place on November 9, 2005. The Advertiser has conducted no additional discovery since the plaintiff's November 9, 2005 deposition.

4.  Despite her knowledge of the dispositive motion deadline, the plaintiff elected to wait to serve discovery on The Advertiser until March 23, 2006 (service via U.S. Mail), thereby precluding the possibility of a response prior to the dispositive motion deadline.[1]

5.  The Advertiser timely submitted a motion for summary judgment, supporting brief, and evidentiary submission on April 18, 2006. The evidentiary submission contained no new information; it contained only information either received from the plaintiff through discovery or obtained during the plaintiff's deposition. Accordingly, the plaintiff had ample opportunity after her November 9, 2005 deposition to conduct additional discovery, including obtaining documents and taking depositions, yet chose not to do so until she served discovery on March 23, 2006. Indeed, the *sole* reason for the plaintiff's inability to obtain discovery in time to respond to The Advertiser's motion for summary judgment was her own delay in propounding discovery.

---

[1] On April 25, 2006, The Advertiser requested a brief extension to serve its discovery responses. The Advertiser served its responses on April 28, 2006. The plaintiff requested a number of personnel files of individuals who are not parties to this lawsuit. The Advertiser agreed to produce these documents, but required that they be covered by a protective order to ensure the confidentiality of non-party information. The Advertiser submitted a proposed protective order and joint motion for entry thereof to the plaintiff with its discovery responses on April 28, 2006. Counsel for the plaintiff discussed some possible changes to the proposed order with counsel for The Advertiser on May 2, 2006.

6.      The plaintiff should not be rewarded for her discovery delays with an extension of time to respond to The Advertiser's fully supported motion for summary judgment, much less the extension of unspecified length requested in her Motion to Continue.  See Grayson v. O'Neill, 308 F.3d 808, 816 (7th Cir. 2002)("Where a party's own lack of diligence is to blame for that party's failure to secure discoverable information, it is not an abuse of discretion to deny a Rule 56(f) motion."); Resolution Trust Corp. v. North Bridge Assoc., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)(parties are required to exercise "due diligence . . . in pursuing discovery before the summary judgment initiative surfaces . . .. Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights"); Cannizzaro v. Neiman Marcus, Inc., 979 F.Supp. 465, 471-72 (N.D. Tex. 1997)("the court 'need not aid [parties] who have occasioned their own predicament through sloth'")(quoting Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 (5th Cir. 1992)).

WHEREFORE, The Advertiser respectfully requests that the plaintiff's motion to continue be DENIED.

    s/John W. Sheffield
    John W. Sheffield (ASB-7423-D62J)
    Lynlee Wells Palmer (ASB-4367-T82P)
    Attorneys for Defendant
    The Advertiser Company
    d/b/a The Montgomery Advertiser

OF COUNSEL:

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

## CERTIFICATE OF SERVICE

     I hereby certify that on May 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    John D. Saxon, Esq.
    Stephen J. Austin, Esq.
    JOHN D. SAXON P.C.
    2119 3rd Avenue North
    Birmingham, AL 35203

                                                  s/John W. Sheffield
                                                  OF COUNSEL