IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. CAMPBELL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.: 2:05cv615-F |
| | ) |
| GANNETT CO., INC., d/b/a THE | ) |
| MONTGOMERY ADVERTISER, | ) |
| | ) |
|    Defendant. | ) |

**CONSENT PROTECTIVE ORDER**

Pursuant to FED. R. CIV. P. 26(c), for good cause shown and by agreement of all parties, it is hereby ORDERED that the confidentiality of all documents exchanged or produced by the parties herein or information designated as "CONFIDENTIAL," to their experts, consultants or attorneys, shall be carefully and scrupulously maintained in the following manner:

1.  All documents or copies thereof, deemed by the party producing the documents to contain trade secrets, confidential information or employment records, exchanged or produced by one party to any other party or parties herein, or their attorneys or other representatives, shall be designated as "**CONFIDENTIAL INFORMATION**" in the manner set forth in this Order. Any disagreement over such designation shall be resolved by application to the Court.

2.  All documents designated **CONFIDENTIAL INFORMATION** shall be identified as confidential information by placing the words "**CONFIDENTIAL INFORMATION**" on the face of such documents.

3. The plaintiff and her counsel shall not give, show, or otherwise divulge any **CONFIDENTIAL INFORMATION** produced in this action by the defendant, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except: (a) attorneys representing the parties, and their paralegal or clerical assistants; (b) persons retained by attorneys for a party as independent consultants and/or expert witnesses; (c) parties to this action; (d) court reporters at depositions or at trial; (e) the Court and its support personnel, as well as trial jurors; (f) deposition and trial witnesses who either (i) are an officer, director, partner, attorney, employee, or agent of the producing party, or (ii) are entitled to be shown the documents or information by reason of clause (b) or (c) above; or (g) any other person as to whom the producing party agrees in writing, or as to whom as court order has been obtained. The plaintiff and her counsel shall use the **CONFIDENTIAL INFORMATION** only for purposes of this litigation.

4. The individuals, as defined in paragraph three (3), above, to which such **CONFIDENTIAL INFORMATION** is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. These individuals shall use said **CONFIDENTIAL INFORMATION** only for the purposes of this litigation and shall not give, show or otherwise divulge any **CONFIDENTIAL INFORMATION**, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of the Court.

5. Any such **CONFIDENTIAL INFORMATION** filed with the Court shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such envelope or container, the word "**confidential**" and a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.

6.      The producing party may notify the other parties that documents that should have been designated as **CONFIDENTIAL INFORMATION** under the terms of this Order were inadvertently produced without being designated as such. Upon receiving such notice from the producing party, the party receiving such notice shall immediately treat the document as if it has been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice. No party shall be held in breach of this Order if, before receipt of such notice, any documents inadvertently produced without being designated as **CONFIDENTIAL INFORMATION** were disclosed to any person(s) not authorized to receive **CONFIDENTIAL INFORMATION** under this Order.

7.      Upon the expiration of six (6) years following the completion of the trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of six (6) years following any settlement of this action, counsel for the plaintiff shall destroy all **CONFIDENTIAL INFORMATION** produced by the defendant, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by the plaintiff's counsel, except those comprising any appellate record or trial court record.

8.      If counsel for the plaintiff believes that it is necessary to disclose any such **CONFIDENTIAL INFORMATION** to persons other than designated persons in this order, then counsel must seek approval of the Court. Before prior approval for further disclosure of protected documents is sought from the Court, counsel for the plaintiff must confer with counsel for the defendant and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

9. The provisions of this Order shall, absent written permission of the producing party or further order of the Court, continue to be binding after the conclusion of the above-entitled action.

Done this 5th day of May, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE